# IN THE COURT OF APPEALS OF IOWA

No. 20-1128
Filed November 30, 2020

**IN THE INTEREST OF G.N and C.N.,**
**Minor Children,**

**K.N., Mother,**
 Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

The mother appeals the termination of her parental rights to her two children. **AFFIRMED.**

Victoria D. Noel and The Noel Law Firm, P.C., Clinton, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Marsha Arnold, Davenport, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ. Tabor, J., takes no part.

**GREER, Judge.**

The mother appeals the termination of her parental rights to G.N. and C.N., born in 2018 and 2019, respectively.[1] Her parental rights to both children were terminated pursuant to Iowa Code section 232.116(1)(d), (e), (h), and (*l*) (2020). On appeal, the mother challenges only three of the statutory grounds for termination—paragraphs (d), (h), and (*l*). The mother's failure to challenge termination under paragraph (e) waives any error as it relates to that ground for termination, and we may affirm on that ground without further analysis.[2] *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (finding the court did "not have to discuss this step" where the parent did not dispute the existence of at least some of the statutory grounds); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) ("On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence."). *See, e.g.*, *In re K.K.*, 16-0151,

---

[1] The father consented to termination of his parental rights; he does not appeal.

[2] Contrary to the mother's assertion in her petition on appeal that "she had not had a positive test in a nearly a year" at the time of the August 2020 termination hearing, the mother tested positive for methamphetamine in a sweat-patch test placed on her in June 2020 and in a urinalysis completed by her doctor in July. Additionally, as of June 2020, the mother lacked stable housing; she told the Iowa Department of Human Services (DHS) she was staying in a tent. By August 2020, she was back and forth between staying with her aunt and her sister. According to the mother, the aunt's home was not a long-term option. And her sister lives in Illinois. The mother testified she had not provided her sister's information to DHS for a background check and no steps had been taken for anything that would need to be done for the mother to relocate to Illinois with the children. Because of the mother's ongoing use of methamphetamine and her lack of stable housing, the children could not be returned to the mother's care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4); *In re E.H.*, No. 20-0974, 2020 WL 6157841, at *2 (Iowa Ct. App. Oct. 21, 2020) ("A parent's methamphetamine use, in itself creates a dangerous environment for children." (citing *In re J.S.*, 846 N.W.2d 36, 42 (Iowa 2014))). We also affirm termination of the mother's parental rights under section 232.116(1)(h).

2016 WL 1129330, at *1 (Iowa Ct. App. Mar. 23, 2016) (noting parent's failure to challenge statutory grounds under paragraphs (h) and (*l*) and affirming under those grounds without further analysis); *In re T.C.*, No. 14-1944, 2015 WL 582082, at *1 (Iowa Ct. App. Feb. 11, 2015) (stating, "The father's failure to challenge termination [as it relates to] both children under subsection (i) waives any claim of error related to that ground," and affirming under paragraph (i) without further analysis (citing *Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("[O]ur review is confined to those propositions relied upon by the appellant for reversal on appeal."))).

The mother makes neither a best-interests claim nor an argument regarding possible exceptions to termination. *See* Iowa Code § 232.116(2), (3). We affirm the termination of the mother's parental rights to G.N. and C.N.

**AFFIRMED.**